IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MARK DAVIS, Defendant. | 8:18CR93 ORDER |

  This matter is before the Court on defendant Mark Davis's ("Davis") pro se Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to Title 28 U.S.C. § 2255 (Filing No. 47). On May 13, 2019, Davis pleaded guilty to possessing five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Davis was sentenced to a term of imprisonment of 186 months, followed by 5 years of supervised release. Davis now seeks relief under § 2255.

  In his plea agreement, Davis agreed to limit his rights to appeal and collaterally attack his conviction and sentence. However, he preserved his right to raise ineffective-assistance-of-counsel claims.

  Davis now argues his counsel was unconstitutionally ineffective in two respects. First, Davis claims his counsel failed to fully inform him about the nature of his plea agreement. Second, Davis argues his counsel was ineffective in failing to move to dismiss his case for violating his right to a speedy trial under the Sixth Amendment to the U.S. Constitution.

  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Davis's § 2255 motion. If it "plainly appears" that the moving party is not entitled to relief based on the motion,

attached exhibits, and the record, the motion will be dismissed.[1] *Id.* If the motion is not dismissed, the Court must order the United States Attorney to "file an answer, motion, or other response," or "to take other action the judge may order." *Id.*

Upon completing the required initial review, the Court has determined that it does not "plainly appear" that Davis is not entitled to relief. The United States Attorney should therefore file a response to Davis's motion on or before September 26, 2022.

IT IS SO ORDERED.

Dated this 25th day of August 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] The Court notes Davis's § 2255 motion appears to have been filed outside the one-year statute of limitations. *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Davis claims his counsel erroneously told him that he waived his right to § 2255 relief, including for ineffective assistance of counsel. This at least raises the possibility that equitable tolling applies. *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (noting "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling'" (quoting *Beery v. Ault*, 312 F.3d 948, 952 (8th Cir. 2002))). The Court therefore will not deny the motion on statute-of-limitation grounds at this stage.