IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK DAVIS,<br><br>    Defendant. | 8:18CR93<br><br>MEMORANDUM<br>AND ORDER |

On April 18, 2018, a federal grand jury indicted defendant Mark Davis ("Davis") on three counts: possession with intent to distribute 5 grams or more of methamphetamine, knowingly using and carrying a firearm during a drug transaction, and felon in possession of a firearm. On May 13, 2019 (Filing No. 34), Davis pleaded guilty to only the methamphetamine charge. The other counts were dismissed.

The Court sentenced Davis to 186 months in prison followed by 5 years of supervised release (Filing No. 39). Judgment was entered on September 11, 2019 (Filing No. 42). Davis's fourteen-day period for filing a notice of appeal expired on September 25, 2019.[1] *See* Fed. R. App. P. 4(b)(1)(A) (stating in relevant part that a criminal defendant's notice of appeal generally must be filed within fourteen days after the entry of judgment).

Now before the Court is Davis's pro se Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to Title 28 U.S.C. § 2255 (Filing No. 47). Davis filed the motion on July 25, 2022, arguing his attorney, Kelly Steenbock ("Steenbock"), was unconstitutionally ineffective. Davis claims Steenbock failed to fully inform him about the nature of his plea

---

[1] The government states Davis had a ten-day period to file his appeal which expired on September 25, 2019. However, Rule 4(b)(1)(A) was amended in 2009 and changed the ten-day time limit for filing a notice of appeal to a fourteen-day limit. *See* Fed. R. App. P. 4(b)(1)(A) advisory committee's note to 2009 amendment.

agreement and failed to move to dismiss his case for violating his right to a speedy trial under the Sixth Amendment to the United States Constitution.

On initial review, the Court determined it did not "plainly appear" that Davis was not entitled to § 2255 relief and ordered the government to respond to his motion (Filing No. 49). The Court also explained that although Davis's motion "appear[ed] to have been filed outside the one-year statute of limitations," Davis "at least raise[d] the possibility that equitable tolling applies" by claiming Steenbock erroneously told him he waived his right to seek § 2255 relief based on allegations of ineffective assistance of counsel.

The government responded (Filing Nos. 56 and 57), and it is now clear equitable tolling is not warranted. A federal prisoner can file a § 2255 motion within one year from "the date on which the judgment of conviction becomes final."[2] 28 U.S.C. § 2255(f)(1). Davis's conviction became final on September 25, 2019, after his fourteen-day limit to file a notice of appeal expired. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining a conviction becomes final under § 2255(f)(1) when the period for filing a notice of appeal expires). The applicable statute of limitation ran one year later.

In limited circumstances, the "one-year statute of limitation may be equitably tolled." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). Equitable tolling can only apply in this case if Davis shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

---

[2]Section 2255(f) provides the one-year limitation runs "from the latest of" the date in which: (1) the judgment of conviction becomes final; (2) a government barrier to filing a § 2255 motion is removed; (3) a right was newly recognized by the Supreme Court, if that right was made retroactively applicable on collateral review; and (4) new facts supporting the claim could have been discovered through due diligence. The government contends only subsection (1) is at issue here and Davis does not argue otherwise.

Davis's motion focuses primarily on the extraordinary-circumstances prong. He argues he delayed filing the motion because Steenbock "informed [him] erroneously, that he could not file a post-conviction Habeus [sic] Corpus because of the plea agreement," including for an "ineffective assistance of counsel [claim] pursuant to [a §] 2255 motion." In general, "[a]n attorney's negligence or mistake is not . . . an extraordinary circumstance," *Muhammad*, 735 F.3d at 816, unless the conduct is "so outrageous or so incompetent as to render it extraordinary," *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (quoting *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)).

Davis does not provide any details regarding when or how Steenbock allegedly told him he waived his right to file an ineffective-assistance-of-counsel claim—perhaps because this assertion contradicts Davis's other claim that he "had not ANY contact with [Steenbock] since his arrest 18 months PRIOR" to entering his plea agreement.[3] The government filed an affidavit from Steenbock in which she asserts that on April 29, 2019, she met with Davis and "read the entire [plea] agreement to [him] verbatim," including the provision "that informed him that he retained the right to seek a claim of ineffective assistance of counsel." She says she "answered all his questions about his limited right to appeal and collateral [sic] attack" and left him with an unsigned copy of the agreement. She also says on October 25, 2019—well within the one-year statute of limitations for a § 2255 motion— she mailed Davis copies of documents including the plea agreement.

The Court is skeptical of Davis's ability to prove Steenbock's actions were "incompetent" or "outrageous," particularly since Davis testified under oath at his change of plea hearing that he read the agreement, discussed it with Steenbock, entered it voluntarily, and understood its terms. *Martin*, 408 F.3d 1095 (finding extraordinary circumstances where an attorney "consistently lied . . . about the filing deadline; repeatedly

---

[3]In an affidavit, Steenbock says she conferred with Davis via phone, letter, or in-person visits on at least twenty-eight different occasions during her representation, including in the weeks and months preceding the change of plea hearing.

lied . . . about the status of [the] case; refused to communicate with [the client] or his family; neglected to file any documents, belated or not, on [the client's] behalf; and failed to return any of [the client's] paperwork to him despite repeated requests and then demands."). However, the Court need not consider Steenbock's affidavit[4] nor decide the extraordinary-circumstances issue because the "motion, files, and record conclusively show" that Davis's equitable-tolling claim fails on the second prong: Davis has not shown he pursued his rights diligently and therefore is "not entitled to relief." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999).

Even if the Court accepts all of Davis's allegations as true, the motion does not contain a single allegation showing he pursued his rights diligently. There is no indication of when he learned about his ability to seek § 2255 relief or of how quickly he filed this motion thereafter. Indeed, the record shows no activity from when judgment was entered in September 2019 until Davis requested documents from the Clerk of Court in April 2022 and then filed the present motion in July 2022. The Court finds this is insufficient to show Davis has pursued his rights diligently. Because Davis's motion was filed outside the one-year statute of limitation and equitable tolling does not apply, it is dismissed as untimely.

Before he can appeal the denial of his motion, Davis must obtain a certificate of appealability, *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1), by making "a substantial showing of the denial of a constitutional right," *id*. at § 2253(c)(2). Davis has not shown that the outcome of his motion is reasonably

---

[4]"When a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot 'mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing.'" *Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015) (alterations in original) (quoting *Franco v. United States*, 762 F.3d 761, 765 (8th Cir.2014)). However, the Court can decide the issue without a hearing if the petitioner's "allegations, accepted as true, would not entitle [him] to relief." *Thomas v. United States*, 737 F.3d 1202, 1206-07 (8th Cir. 2013) (quoting *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006)).

4

8:18-cr-00093-RFR-SMB Doc # 60 Filed: 01/04/23 Page 5 of 5 - Page ID # 486

debatable, is susceptible to a different conclusion, or deserves further review. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court will thus not issue a certificate of appealability.

IT IS ORDERED:

1. Mark Davis's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to Title 28 U.S.C. § 2255 (Filing No. 47) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be issued in accordance with this Memorandum and Order.
4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Mark Davis at the address of record for his current place of incarceration.

Dated this 4th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5