IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR93 |
| v. | |
| MARK DAVIS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Mark Davis's ("Davis") pro se Motion for Sentence Reduction (Filing No. 59). Davis asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), known informally as a motion for compassionate release. For the following reasons, the motion is denied.

I.  BACKGROUND

On April 18, 2018, a federal grand jury indicted Davis on three counts: possessing with intent to distribute 5 grams or more of methamphetamine, using and carrying a firearm during a drug transaction, and being a felon in possession of a firearm. On May 13, 2019, Davis pleaded guilty to only the methamphetamine charge (Filing No. 34), and the other counts were dismissed. The Court sentenced Davis to 186 months in prison followed by 5 years of supervised release (Filing No. 39).

On July 25, 2022, Davis filed a motion to vacate his sentence under 28 U.S.C. § 2255. After initial review, the Court ordered the government to respond to the motion. The Court also noted that Davis's motion "appear[ed] to have been filed outside the one-year statute of limitations," but that he "at least raise[d] the possibility that equitable tolling applie[d]." After the government responded (Filing Nos. 56 and 57), it was clear that

equitable tolling did not apply. The Court dismissed Davis's § 2255 motion as untimely (Filing Nos. 60 and 61).

While Davis's § 2255 motion was pending, he filed the present pro se motion on December 29, 2022. He "seeks a reduction of his sentence to time served . . . or any reduction [the Court] deems fit . . . to be followed by the Court-imposed period of supervised release." His motion includes hundreds of pages of medical records and certificates from classes he has taken while incarcerated.

## II.     DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) allows Davis to move for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request" by the facility warden, whichever is earlier.[1] The Court can only grant Davis's request for "extraordinary and compelling reasons." *Id.*

The Court also considers the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of Davis's convictions; Davis's history and characteristics; and the need for the sentence to reflect the seriousness of the crimes, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a). Davis's sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *Id.*

Davis divides his motion into three main arguments: (1) his sentence "is longer than and more excessive than similarly situated defendants around the country and longer than the sentence that would be imposed upon him if he were sentenced today;" (2) he has completed "a number of evidenced-based rehabilitative classes" that reduce his risk of

---

[1] Davis says he asked the warden at Federal Correction Institution Hazelton ("FCI Hazelton") to bring a motion on his behalf "on or about October 25, 2022." Davis now qualifies for judicial review.

recidivism; and (3) his sentence is "more severe and punitive than [the Court] had anticipated and intended" because of COVID-19.

First, Davis contends that "if he were sentenced today, he would most likely receive a sentence much less than the one he ultimately received based on the changes made with the passage of the First Step Act, [the Court's] discretion to now consider certain factors and the 'changed circumstances' of Davis's specific situation." Davis provides little support for these assertions. The First Step Act was signed into law on December 21, 2018, *before* Davis was sentenced, and was thus in effect during his sentencing. Even if that wasn't the case, the Eighth Circuit has held that a non-retroactive change in the law "cannot constitute an extraordinary and compelling reason for reducing a sentence." *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

Davis also argues "that his criminal history as [sic] not as excessive as many defendants who receive sentences less than what he had received. Nor is his crime of conviction a violent offense." Yet Davis has a lengthy criminal history with several violent offenses, including robberies, domestic assaults, terroristic threats, and numerous drug crimes dating back to 1990. Davis acknowledges that "absent [his] prior convictions, [he] would not have received" the sentence he did.

Davis's second argument relates to what he characterizes as "post-sentencing mitigating factors and conduct."[2] Davis says he "has utilized his time of incarceration to improve and rehabilitate himself in an effort to increase his likelihood of successful reintegration back into society" and "lessen his chances of recidivism." He has participated in a variety of constructive programs while incarcerated, including programs related to

---

[2]In a similar vein, Davis discusses his relationship with his wife and children. He states he continues to be "very present in the lives of his children," and continues to help with schoolwork and "other issues the children have," even while incarcerated.

3

drug abuse, parenting, anger management and self-regulation. He also has a clean disciplinary record.

Davis's post-conviction rehabilitation is commendable, but it is not, by itself, an extraordinary and compelling reason for a sentence reduction.[3] This is especially true when the Court considers other relevant factors, including the extent and seriousness of his criminal history.

Finally, Davis lists what he describes as "a litany of psychological and mental illnesses" that have "burdened" his "life and incarceration." He includes both mental- and physical-health conditions, including antisocial personality disorder, alcoholism, several drug addictions, a vision disorder, pre-diabetes, hypertension, and seizure issues. This list is largely corroborated by his medical records. His medical records also show Davis contracted COVID-19 in February 2021 and received his COVID-19 vaccine in March and April of 2021.

On balance, the Court finds that Davis's age—fifty-one—and health conditions put him only "at a marginally increased risk [of severe COVID-19] . . . if he is at an increased risk at all." *United States v. Brown*, No. 16-CR-80-CJW-MAR, 2021 WL 247868, at *5 (N.D. Iowa Jan. 25, 2021). Moreover, COVID-19 vaccines are now widely available to inmates, and data shows only one inmate at FCI Hazelton had COVID-19 on January 29, 2023.[4]

---

[3]The United States Sentencing Guidelines explain that "rehabilitation is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13 cmt. n.3. This policy statement predates the First Step Act, so it does not control the analysis but is nevertheless useful for evaluating Davis's motion. *See also United States v. McDaniel*, No. 21-1347, 2022 WL 1151140, at *2 (8th Cir. Apr. 19, 2022) ("[N]othing in the First Step Act requires a court to reduce a sentence based on post-sentencing rehabilitation.") (quoting *United States v. Shepard*, 8 F.4th 729, 732 (8th Cir. 2021)).

[4]*Inmate Case Data Dashboard—FCI Hazelton*, Department of Justice, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/View-the-Data-/?data_id=dataSource_18-0%3A21948 (last accessed January 30, 2023).

Davis concludes his motion by stating that "it is his hope that the factors raised herein in conjunction/tandem with one another . . . constitute 'extraordinary and compelling reasons' warranting a reduction in his sentence." After careful review and consideration of the totality of the circumstances, including Davis's arguments and the relevant § 3553 factors, the Court finds he has not demonstrated extraordinary and compelling reasons for a sentence reduction at this time. Accordingly, Davis's Motion for Sentence Reduction (Filing No. 59) is denied.

Dated this 1st day of February 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge